UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:12-CV-80780

TBC CORPORATION,

       PLAINTIFF,

vs.                                 Judge Ryskamp

GECKOBYTE.COM, INC. D/B/A FITMENT
GROUP, ET AL.,

       DEFENDANTS.

---

## TBC CORPORATION'S MOTION TO FILE EXHIBITS TO MOTION FOR TEMPORARY RESTRAINING ORDER/ EMERGENCY PRELIMINARY INJUNCTION UNDER SEAL

Pursuant to Local Rule 5.4, Plaintiff TBC Corporation ("TBC") respectfully requests that the Court enter an order allowing TBC to file exhibits to its Motion for Temporary Restraining Order/Emergency Preliminary Injunction under seal. In support thereof, TBC states:

This is a lawsuit between TBC and Defendants Geckobyte.com, Inc. d/b/a Fitment Group ("Fitment"), and RFH, formerly known as "RTM Marketing Group" (RTM") (collectively, "Defendants"). TBC is one of the nation's largest vertically integrated marketers of tires for the automotive replacement market. Defendants host an application, the TBC Category Management Tool, developed by TBC and RTM, that is used internally by TBC, its subsidiaries and their franchisees, and another company in which TBC has an ownership interest to assist them in planning, distribution, and sales. Highly confidential TBC sales information and manufacturing specifications of TBC tires are included in the database that supports the tool and the functionality of the software tool reflects TBC's internal planning and sales strategies. [Exhibit C to Memo in Support of Motion for TRO/PI, Declaration of Gregory Ortega ¶2] TBC

filed this lawsuit and request for emergency relief because Defendants have repudiated the parties' agreement, which runs through April 30, 2013, and threatened to terminate access to the TBC Category Management Tool on August 1, 2012 if TBC does not agree to new terms that require TBC to pay a substantially increased fee and abandon its ownership interests in the tool.

In support of TBC's Motion for Temporary Restraining Order/Emergency Preliminary Injunction, it has submitted three exhibits in redacted form: Exhibit D, which consists of invoices from Defendants to TBC; Exhibit E, an email from RTM to TBC that attaches a spreadsheet setting forth, in part, the terms under which the parties currently are operating; and Exhibit F, an email from RTM to TBC that attaches two summaries also setting forth, in part, the terms under which the parties currently are operating.  These documents are important because they confirm TBC's claims regarding the terms of the parties' agreement, including that Defendants must provide the service until April 30, 2013 – a key issue in this litigation.  To ensure that TBC has a right to fully and persuasively present evidence favoring expedited, preliminary relief, TBC must file the Exhibits under seal.

In the publicly-filed version of Exhibit D, TBC has redacted specific information related to the payments made by TBC and Defendants' banking information. [Exhibit C to Memo in Support of Motion for TRO/PI, Declaration of Gregory Ortega ¶4]  The publicly-filed version of Exhibit E includes redactions of the specific pricing terms and past payments made by TBC to Defendants. [Exhibit C to Memo in Support of Motion for TRO/PI, Declaration of Gregory Ortega ¶6]  The publicly-filed version of Exhibit F includes redactions of specific information regarding the components of the TBC Category Management Tool, payment amounts, functionality of the tool, and planned functionality of the tool. [Exhibit C to Memo in Support of Motion for TRO/PI, Declaration of Gregory Ortega ¶6]

It would put TBC at a competitive disadvantage if its customers and competitors learned the specific amounts paid by TBC to develop the TBC Category Management Tool. [Exhibit C to Memo in Support of Motion for TRO/PI, Declaration of Gregory Ortega ¶4] Moreover, TBC would be harmed if its competitors obtained detailed information regarding the components, functionality, and development of the tool because those features reflect TBC's internal business strategies and plans and give TBC a competitive advantage. [Exhibit C to Memo in Support of Motion for TRO/PI, Declaration of Gregory Ortega ¶6]

By comparison, the public has no particular interest in the information. The litigants in this case are private parties, not public officials or issues of public concern or safety. There is no public safety, free speech, or other consideration that outweighs TBC's interest in maintaining the privacy of competitive information. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001); *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2005). When balancing these interests and evaluating whether good cause exists to seal materials filed with the Court, the Eleventh Circuit has instructed courts to consider, among other things:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information.

*Id.*, 480 F.3d at 1246. TBC publicly filed redacted versions of the Exhibits, which accommodates any public interest in having access to the documents.

TBC respectfully requests that the Court accept and maintain the unredacted versions of

the Exhibits under seal until conclusion of the litigation, including appeals.  At the conclusion of

the case, TBC will make arrangements at its own cost to retrieve the sealed documents.

Respectfully submitted,


*s/ Denis L Durkin*
Denis L. Durkin
Florida Bar No. 237132
Michael S. Vitale
Florida Bar. No. 17136
Baker & Hostetler LLP
2300 SunTrust Center
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone:  407-649-4000
Facsimile:  407-841-0168
ddurkin@bakerlaw.com
mvitale@bakerlaw.com


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 24, 2012, I electronically filed the foregoing TBC Corporation Motion to File Under Seal with the Clerk of the Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following counsel who, Plaintiff has been advised, is representing Defendants in this dispute:

Steven C. Overom
Maki & Overom
31 West Superior St., Ste 402
Duluth, MN 55802
soverom@makiandoverom.com


*s/ Denis L Durkin*
Denis L. Durkin
Florida Bar No. 237132

601441365

- 4 -