UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 9:12-CV-80780-RYSKAMP/HOPKINS

TBC CORPORATION,

    Plaintiff,

vs.

GECKOBYTE.COM, INC. d/b/a
FITMENT GROUP; RFH, formerly
"RTM MARKETING GROUP,"

    Defendants.
_____/

## DEFENDANT GECKOBYTE.COM, INC.'S MOTION TO STAY PROCEEDINGS PENDING RULING ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Defendant Geckobyte.com, Inc. ("Geckobyte.com"), through undersigned counsel, respectfully moves the Court to stay the proceedings and cancel the preliminary injunction hearing scheduled for August 17, 2012, at 11:00 a.m., until after the Court renders a decision on Geckobyte.com's pending Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Jurisdictional Motion"). [DE 31]. The Court must determine jurisdiction before proceeding on Plaintiff's request for injunctive relief. No immediacy exists for going forward with the hearing and expedited briefing schedule because Geckobyte.com has agreed to provide services to Plaintiff through August, for which Plaintiff has paid, and has invoiced Plaintiff for September services and certified it will provide the services if Plaintiff pays. *See* [DE 31-1, ¶ 27]. Therefore, the proceedings should be stayed, and the hearing for injunctive relief adjourned without date, until the Court renders a decision on Geckobyte.com's Jurisdictional Motion. If the Jurisdictional Motion were to be denied, then the preliminary injunction hearing can be re-

set.  If the Jurisdictional Motion is granted, mooted is the preliminary injunction hearing.

## MEMORANDUM OF LAW

**I.     BACKGROUND**

1.      On July 23, 2012, Plaintiff filed a Verified Complaint in the Southern District of Florida against Geckobyte.com and RFH, formerly "RTM Marketing Group."  [DE 1].

2.      The following day, Plaintiff filed a Motion for Temporary Restraining Order and a supporting Memorandum. [DE 7-8].  Plaintiff also filed a Certificate of Counsel, certifying that the Motion for Temporary Restraining Order needs resolution on an emergency basis. [DE 9].

3.      On July 27, 2012, this Court entered an Order setting a hearing on the Motion for Temporary Restraining Order (*Emergency*) on August 15, 2012 at 1:00 p.m. before Magistrate Judge James Hopkins.  The Order setting the hearing requires the Defendants to file a response by August 9, 2012 and for Plaintiff to file a reply by August 13, 2012. [DE 18].

4.      Geckobyte.com has agreed that it will continue to provide Plaintiff access to the fitment services through the months of August and September. [DE 31-1, ¶ 27].

5.      On August 2, Plaintiff moved to continue the August 15 hearing until August 17. [DE 22]. The Court granted this motion on August 3. [DE 23].

6.      That same day, Plaintiff filed an "Emergency Motion for Leave to Take Deposition of Jeffrey Riddle and Incorporated Memorandum of Law." [DE 24]. Therein, it demands the deposition of Geckobyte.com's Chief Operating Officer on August 10, claiming that it will not be able to compel his attendance at the preliminary injunction hearing.

7.      Simultaneous with the filing of this motion, Geckobyte.com is filing its Jurisdictional Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Improper Venue. [DE 31].  If granted, Geckobyte.com's Jurisdictional Motion would dispose from this

District the entire case.[1]

## II.     ARGUMENT

### A.     Geckobyte.com's Motion to Dismiss Must Be Resolved Before the Preliminary Injunction Hearing.

Federal courts are courts of limited jurisdiction and can take no action when they lack personal jurisdiction over a party. *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1224 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); *JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F. Supp. 2d 1363, 1364, 1368 (S.D. Fla. 1999) (it is "axiomatic that a court cannot act without jurisdiction"). Indeed, personal jurisdiction is a threshold issue that the Court must address ***before*** determining the merits of a claim. *Posner*, 178 F.3d at 1224 n.6 (a court must address personal jurisdiction first because the court cannot consider other issues before determining if it has jurisdiction); *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890829, at *4 (M.D. Fla. May 22, 2012) ("courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's case," because "[t]he validity of an order of a federal court depends upon the court's having jurisdiction over both the subject matter and the parties"). Most importantly, this rule of law applies even when a plaintiff seeks a preliminary injunction. *See Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1297 (S.D. Fla. 2007) ("even where a preliminary injunction has been requested, the court must first address the jurisdictional dispute") (internal quotations omitted); *JB Oxford Holdings*, 76 F. Supp. 2d at 1364, 1368 (S.D. Fla. 1999).

This Court does not have personal jurisdiction or proper venue of Geckobyte.com. *See* [DE 31]. The law requires the Court to determine the personal jurisdiction issue (raised in

---

[1] Plaintiff also attempts to assert claims against "RFH, formerly 'RTM Marketing Group.'" RFH, an entity formed under the laws of Maine, was administratively dissolved in Maine in 2011. *See* [DE 31-2, ¶ 19].

Geckobyte.com's Jurisdictional Motion) ***prior to*** determining the merit or lack of merit of Plaintiff's Motion for Preliminary Injunction. The Court should stay the injunction hearing and all other proceedings pending a determination of Geckobyte.com's Jurisdictional Motion.

### B. Stay Relief Will Not Prejudice Plaintiff

A stay will not prejudice Plaintiff and will conserve judicial economy and resources. *JB Oxford Holdings*, 76 F. Supp. 2d at 1364, 1368 (S.D. Fla. 1999) (stating that "the court must first address the jurisdictional dispute" and then rejecting a magistrate judge's report and recommendation to issue an injunction because the district court lacked the power to enter the injunction as it did not have personal jurisdiction over the defendant). If the Court dismisses the Complaint for lack of personal jurisdiction and/or improper venue (as Geckobyte.com's Motion to Dismiss establishes it should), it will avoid use of unnecessary time and costs to the Court and the parties in preparing for and conducting an evidentiary hearing on Plaintiff's preliminary injunction motion, as well as significant attorney time and expense of travel.

Because Geckobyte.com is providing services in August and has offered its services through September, no immediacy exists for the expedited briefing schedule, an emergency deposition of Riddle, or going forward with the August 17 hearing. This Court has noted that Plaintiff's own inaction has established a lack of immediacy in their quest to obtain purported "emergency" relief. *See* [DE 19, at 3] ("Indeed, Plaintiff's delay in seeking . . . relief undermines the alleged immediacy."). This is further evidenced by Plaintiff's recent Motion to Continue Hearing for Preliminary Injunction [DE 22], which requested that the Court move the preliminary injunction hearing date further into the future.

Given the lack of immediacy to Plaintiff and significant prejudice to Defendant, it would be an injustice (and the height of irony) to force Geckobyte.com to decide whether to fly employees more than 1,500 miles from Duluth, Minnesota and Yarmouth, Maine for an

evidentiary hearing in a District in which Geckobyte.com has filed a bona fide motion showing that personal jurisdiction and venue do not lie. It would also unnecessarily force discovery upon a person who is not subject to jurisdiction by the Complaint. This is exactly the type of situation in which a court may use its discretion to grant a stay. *See Moore v. Potter*, 141 F. App'x 803, 807-08 (11th Cir. 2005) (district court did not abuse its discretion in staying discovery pending resolution of motion to dismiss); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved ***before*** discovery begins.") (emphasis added); *Staup v. Wachovia Bank*, No. 08-60359-CIV, 2008 WL 1771818, at *1 (S.D. Fla. Apr. 16, 2008) (staying discovery pending ruling on motion to dismiss).

A stay of the proceedings until after adjudication of this motion is therefore appropriate and should be granted.

### III.    CONCLUSION

Geckobyte.com respectfully requests that the Court enter an Order staying the proceedings and briefing deadlines and adjourning the preliminary injunction hearing, pending a ruling on Geckobyte.com's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Improper Venue.

### LOCAL RULE 7.1(a)(3) CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1.(a)(3), undersigned counsel has conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and has been unable to resolve this motion to stay.

                                        Respectfully submitted,

                                        SHUTTS & BOWEN, LLP
                                        1100 City Place Tower

        525 Okeechobee Boulevard
        West Palm Beach, Florida 33401
        Tel: 561-650-8528
        Fax: 561-650-8530

        /s/ John F. Mariani
        John F. Mariani, Esq.
        Florida Bar No.: 263524
        jmariani@shutts.com
        Stephen B. Gillman, Esq.
        Florida Bar No.: 196734
        sgillman@shutts.com
        Zachary L. Weaver, Esq.
        Florida Bar No.: 0071101
        zweaver@shutts.com

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on August 6, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and pro se parties as identified below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ John F. Mariani
        Of counsel

Dennis L. Durkin
Michael S. Vitale
Baker & Hostetler LLP
2300 SunTrust Center
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407-649-4000
Facsimile: 407-841-0168
ddurkin@bakerlaw.com
mvitale@bakerlaw.com