UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 9:12-CV-80780-RYSKAMP/HOPKINS

TBC CORPORATION,

        Plaintiff,

vs.

GECKOBYTE.COM, INC. d/b/a
FITMENT GROUP; RFH, formerly
"RTM MARKETING GROUP,"

        Defendants.
_____/

### DEFENDANT GECKOBYTE.COM, INC.'S OPPOSITION TO PLAINTIFF'S AMENDED AND RENEWED EMERGENCY MOTION FOR LEAVE TO TAKE DEPOSITION OF JEFFREY RIDDLE

Defendant Geckobyte.com, Inc. ("Geckobyte.com"), through undersigned counsel, opposes Plaintiff TBC Corporation's ("TBC") Amended and Renewed Emergency Motion for Leave to Take Deposition of Jeffrey Riddle [DE 37].[1]

### INTRODUCTION

Plaintiff is now crying "wolf" for the third time. As before, there continues to be no emergency. Plaintiff's civil action is a garden-variety claim of anticipatory breach of contract in a commercial setting. The gravamen of Plaintiff's Complaint is that Geckobyte.com will imminently cut off Plaintiff's access to its fitment services software. That is incorrect. Access is being provided by Geckobyte.com throughout August, and Plaintiff has also been offered access for the month of September, so long as Plaintiff pays the monthly subscription fee. *See* [DE 31-1, ¶ 27].

---

[1] Geckobyte.com reserves and does not waive its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, [DE 31], and Motion to Stay, [DE 32].

Plaintiff's claim to need the deposition of Geckobyte.com's Chief Operating Officer prior to a preliminary injunction hearing is unfounded. It should already have the information it needs given that it had months to file its Complaint and demand for an emergency injunction hearing. In reality, the "emergency" is Plaintiff's own creation. Its demand to take a deposition in Yarmouth, Maine within a three-day window of its own convenience next week should be denied.

## DISCUSSION

The Court already has emphasized in its denial of Plaintiff's emergency request for temporary restraining order ("TRO") that Plaintiff has had months to prepare its injunction papers and declarations, supposedly with all their ducks in a row, as required by Federal Rule of Civil Procedure 11, and the stringent requirements one must satisfy before seeking extraordinary, preliminary relief. *See also* [DE 19 at 3] (Report and Recommendation highlighting Plaintiff's delay in seeking relief). In spite of the abundance of time, Plaintiff now claims that it needs more facts **prior to the emergency hearing it so urgently demanded**.

Plaintiff should have been prepared when it shot its volley. It never even hinted in its hurry that preliminary discovery might be required. It should not be allowed now to scramble, and, more importantly, cause Defendant to have to scramble in Plaintiff's wake, to gather facts to show its likelihood of success on the merits, especially because it did not originally announce discovery would be needed.

Plaintiff is owned and controlled by Sumitomo Corporation, number 247 on the Global Fortune 500 List. Plaintiff, with all the resources of a Fortune 250 Corporation and a slew of attorneys, sought no discovery -- none -- when it burst onto the scene with its TRO and injunction demands. The cry is an emergency of its own making.

Defendant Geckobyte.com, with its 11 employees -- 9 in Duluth, Minnesota, 1 in Portland, Oregon, and 1 in Yarmouth, Maine, [DE 31-1 ¶ 9; DE 31-2 ¶¶ 1-2] -- has had

approximately 10 days in the litigation saddle to do, among other things: (i) search for, find, and retain legal counsel in the Southern District of Florida, (ii) consider the Plaintiff's 24-page Complaint, (iii) conduct some abbreviated, hurried investigation, (iv) address and protect its rights under jurisdictional principles of Constitutional dimension not to be dragged into a foreign district, and (v) try to marshal the facts -- all while working on responses to the buckshot of Plaintiff's "emergency" motions. The strategy Plaintiff attempts to deploy -- "let's keep the little guy so busy that he cannot defend" -- should not be countenanced by the Court. The Court must disregard the runaway train of this "emergency" motion to take deposition, in order to allow the proper preparation and presentation of the issues presented -- from both sides, not just one side -- as Plaintiff seems so insistent to demand.

Plaintiff's emergency request to depose Mr. Riddle in Yarmouth, Maine should be denied for a multitude of reasons. First, it was not important enough for Plaintiff to ask for a deposition of Mr. Riddle when it filed its motion for injunctive relief. What has happened since to make it so urgently crucial?

Second, Plaintiff made its first "emergency" request for the deposition *after* the Court established a hearing date for the injunction motion, which Plaintiff's counsel found inconvenient so they then petitioned the Court to extend the date, [DE 22] -- further establishing that no real emergency exists. All of this activity occurred before counsel for Geckobyte.com even made an appearance. Simply put, Plaintiff's demands are unreasonable, and it is inappropriately manufacturing "emergencies" solely to put its boot on Geckobyte.com's throat.

Third, Plaintiff's original written reason for needing the deposition states:

> The current terms of the agreement that forms the basis for this lawsuit are found in the parties' oral and written communications, invoices, and course of dealing. Even after Mr. Riddle sold RTM to Fitment at the end of 2010, Mr. Riddle remained the primary point of contact with TBC.

[D.E. 24 at 2]. Plaintiff should already have all this information and should not have a need to depose Mr. Riddle prior to any hearing. It claims emergency, yet apparently does not have the necessary facts to support the allegations in the Complaint. The court properly denied Plaintiff's first emergency request.

Fourth, refusing to accept the Court's "no," Plaintiff's second "emergency" request shifts gears. Plaintiff now wants to address "jurisdiction" -- fair enough, in light of Geckobyte.com's Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue ("Jurisdictional Motion") [DE 31], but not shoe-horned into an imaginary three-day window before an "emergency" preliminary injunction hearing that is unnecessary. That, we have suggested to the Court, should be done in different fashion, by issuing a stay pending a proper vetting and determination of jurisdiction and venue. [DE 31, 32].

Fifth, Plaintiff's second "emergency" request goes on to pretend concern about a typographical error in the affidavit of Geckobyte.com's CEO, Tiegen Fryberger, filed in support of the Jurisdictional Motion. Plaintiff springboards the disingenuous suggestion that Plaintiff needs emergency discovery because of "the contradictory information provided by Mr. Fryberger and Mr. Riddle regarding the date of Fitment's purchase of RFH['s assets] and the nature of the transfer . . . ." The typographical error inadvertently shows "2009" instead of "2010," which Geckobyte.com will correct in due course. Plaintiff, though, is well aware that the "09" is inadvertent error and that the correct year was 2010. In its own papers, Plaintiff states the transaction occurred "at the end of 2010." [DE 8 at 4]. And, Mr. Greg Ortega, the executive of TBC who verified Plaintiff's complaint, and Mr. Jeff Waters, who reports directly to Mr. Ortega, both were in contact with Mr. Riddle, in September 2010 and November 2010, when Mr. Riddle offered Plaintiff the opportunity (twice) to purchase the very same assets that Geckobyte.com

purchased in December 2010. [DE 31-2, ¶ 23]. Those assets now constitute the purported genesis of Plaintiff's exaggerated claims in this action.

At bottom, there is a reason Local Rule 26.1 (j) provides 14 days of notice from a party "desiring to take a deposition in another State." There should be an orderly and fair opportunity for each side to prepare and defend. Plaintiff's legal argument and citation to procedure for out-of-state depositions when taken in the normal course during a discovery period that has been fashioned by the parties and the Court are of no moment here.

Plaintiff's emergency approach to everything is improper. Proper adjudication of the preliminary issues in this case -- jurisdiction, venue, and whether Plaintiff has a need or right for preliminary relief -- requires a more evenly timed approach than is occurring presently, in order to afford Geckobyte.com a meaningful opportunity to defend its rights. Plaintiff's fashioned "renewed emergency" request should be denied.

WHEREFORE, Defendant Geckobyte.com respectfully requests this Court deny Plaintiff's Renewed and Amended Emergency Motion for Leave to Take Deposition of Jeffrey Riddle.

Respectfully submitted,

SHUTTS & BOWEN, LLP
1100 City Place Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Tel: 561-650-8528
Fax: 561-650-8530

/s/ John F. Mariani
John F. Mariani, Esq.
Florida Bar No.: 263524
jmariani@shutts.com
Stephen B. Gillman, Esq.
Florida Bar No.: 196734

        sgillman@shutts.com
        Zachary L. Weaver, Esq.
        Florida Bar No.: 0071101
        zweaver@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 8, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and pro se parties as identified below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        /s/ John F. Mariani
        Of counsel

Dennis L. Durkin
Michael S. Vitale
Baker & Hostetler LLP
2300 SunTrust Center
200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407-649-4000
Facsimile: 407-841-0168
ddurkin@bakerlaw.com
mvitale@bakerlaw.com

WPBDOCS 8152727 1