UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO. 9:12-CV-80780-RYSKAMP/HOPKINS

TBC CORPORATION,

        Plaintiff,

vs.

GECKOBYTE.COM, INC. d/b/a
FITMENT GROUP; RFH, formerly
"RTM MARKETING GROUP,"

        Defendants.
_____/

**DEFENDANT GECKOBYTE.COM, INC.'S
REPLY IN SUPPORT OF MOTION TO STAY**

Defendant Geckobyte.com, Inc. ("Geckobyte.com"), through undersigned counsel, replies in support of its Motion to Stay [DE 32].[1]

**DISCUSSION**

**Plaintiff admits that this Court has broad discretion to stay the proceedings.**

As Plaintiff concedes, the Court has very broad discretion to stay and hold in abeyance the rest of the proceedings to conduct and adjudicate the venue and jurisdiction inquiry. *See* [DE 42 at 6] ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.") (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Geckobyte.com has only requested a stay to allow the Court (and the parties) sufficient time to conduct that inquiry and to prevent Geckobyte.com's officers (2 of its 11 employees) from spending significant time and money fighting Plaintiff's meritless allegations when the Court lacks jurisdiction and venue. This is an appropriate case for the Court to exercise its discretion to stay.

---

[1] Geckobyte.com reserves and does not waive its Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue. [DE 31].

**Plaintiff has admitted that jurisdiction must be decided first.**
**<u>Authority to decide that issue has not been delegated to Magistrate Judge Hopkins.</u>**

The Court must take the jurisdiction and venue issues first because to act without determining jurisdiction is simply not allowed, neither by statute nor the Constitution. *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1224 n.6 (11th Cir. 1999) ("A court without personal jurisdiction is powerless to take further action."); *Nu Image, Inc. v. Does 1-3,932*, No. 2:11-CV-545-FTM-29, 2012 WL 1890829, at *4 (M.D. Fla. May 22, 2012) ("courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's case," because "[t]he validity of an order of a federal court depends upon the court's having jurisdiction over both the subject matter and the parties"); *Rexam Airspray, Inc. v. Arminak*, 471 F. Supp. 2d 1292, 1297 (S.D. Fla. 2007) ("even where a preliminary injunction has been requested, the court must first address the jurisdictional dispute").

Plaintiff concedes this point. [DE 42 at 9] (admitting that "[t]he question of jurisdiction is a threshold issue"). Plaintiff claims, however, that the jurisdictional and venue issues can be determined at the same time as the preliminary injunction. [DE 42 at 9]. That is incorrect. The District Court has not delegated authority to Magistrate Judge Hopkins to recommend a ruling on the jurisdictional and venue issues -- only the Motion for Temporary Restraining Order or Emergency Preliminary Injunction and pretrial discovery motions have been delegated. [DE 16]; [DE 34]; *see* 28 U.S.C. § 636(b)(1)(A); *In re Search of Scranton Hous. Auth.*, 487 F. Supp. 2d 530, 533-34 (M.D. Pa. 2007) ("Under the Federal Magistrate Judges Act . . . the jurisdiction of a magistrate judge may [only] arise in one of three ways: (1) through the prior jurisdiction of a United States commissioner, 28 U.S.C. § 636(a); (2) through referral by a district judge, 28 U.S.C. § 636(b); and (3) through the consent of the parties, 28 U.S.C. § 636(c).").

And, further, the jurisdictional and venue motion is not fully briefed or ripe for decision.[2] Because the jurisdiction and venue decisions must be made first, and they are not ready for decision, and because Magistrate Judge Hopkins has not been delegated authority to recommend a decision on those issues, the preliminary injunction hearing should be stayed to a later date pending a determination of jurisdiction and venue by the District Court.

Plaintiff's concession that it would need jurisdictional discovery prior to any hearing further supports a stay of the preliminary injunction hearing. Plaintiff has claimed discovery is necessary (1) because Geckobyte.com's Chief Operating Officer is a "key witness to the events underlying TBC's claims," [DE 24 at 2], and (2) for purposes of determining jurisdiction, [DE 37 at 4] ("Mr. Riddle's testimony will allow TBC to respond to Fitment's Motion to Dismiss . . ."). Plaintiff's purported need for discovery shows there should be no rush to an August 17 hearing.

**<u>Plaintiff's actions and Geckobyte.com's offer show that there is no emergency.</u>**

The objective facts and Plaintiff's actions show that no emergency exists for conducting a preliminary injunction hearing prior to determining jurisdiction and venue. To start, Geckobyte.com has agreed to provide TBC with its fitment services through September. [DE 31-1 ¶27]. That gives the Court and the parties sufficient time to conduct and decide the jurisdictional and venue inquiry while Plaintiff still has access to the output from the fitment services software. Further establishing the lack of emergency is Plaintiff's prior request to continue the preliminary injunction hearing because one of its attorneys had other obligations. In its Response, Plaintiff's counsel misses the point in saying that it should not be "punished for its [] prior professional obligations." [DE 42 at 3]. No one seeks to punish Plaintiff's counsel. All

---

[2] In its Opposition to Geckobyte.com's Motion to Stay, Plaintiff stated that it "anticipate[d]" filing its opposition to Geckobyte.com's Motion to Dismiss for Lack of Personal Jurisdiction and Venue by Wednesday, August 15, 2012. [DE 42 at 8]. As of this filing, Plaintiff has not done so.

of us have schedules. All of our calendars are full. And we applaud counsel for being respectful and diligent to his other responsibilities. But for Plaintiff to give up a preliminary injunction hearing date so that *one* of its lawyers (it has five officially identified on the case) could instead attend a mediation speaks volumes of the lack of a true emergency on Plaintiff's garden variety claim of anticipatory breach. We have never heard of a mediation conference taking precedence over a preliminary injunction hearing, for any reason. The hearing, having already been moved by Plaintiff for the convenience of a single lawyer, certainly can be moved again to respect constitutional concerns of jurisdictional due process, so as to allow evaluation and deliberate determination after briefing on the issues is complete.

### Ortega's affidavit also shows that no true emergency exists.

Plaintiff states in its second Ortega affidavit that it will find a substitute for Defendant's service "in time" if it "allocates resources"; that some of those resources might be "significant non-monetary resources in training users"; and that it should be allowed to "realize" its "investments" of recent enhancements. [DE 42-1 ¶2]. None of that rings of emergency. It may sound of potential money damages, but not emergency. Plaintiff's suggestion [DE 42 at 6-7] that Geckobyte.com's 11-employee army is holding hostage the TBC Nation of Companies (of which the Tire Kingdom is only a part) requires no serious reply. Nor does it create any emergency.

This case is about counting tires, not rocket science or brain surgery. Plaintiff has known how to count and sell tires in the past and will know how to count and sell tires in the future. Plaintiff will continue selling millions of tires whether they have access to the output of Geckobyte.com's software or not. There is no "catastrophic" injury here, as urgently suggested in Plaintiff's Motion for Preliminary Injunction. [DE 8 at 3].

## CONCLUSION

Geckobyte.com's Motion to Stay should be granted. The Court should stay the proceedings and adjourn the preliminary injunction hearing pending a ruling on Geckobyte.com's Motion to Dismiss the Complaint for Lack of Personal Jurisdiction and Improper Venue.

Respectfully submitted,

SHUTTS & BOWEN, LLP
1100 City Place Tower
525 Okeechobee Boulevard
West Palm Beach, Florida 33401
Tel: 561-650-8528
Fax: 561-650-8530

/s/ John F. Mariani
John F. Mariani, Esq.
Florida Bar No.: 263524
jmariani@shutts.com
Stephen B. Gillman, Esq.
Florida Bar No.: 196734
sgillman@shutts.com
Zachary L. Weaver, Esq.
Florida Bar No.: 0071101
zweaver@shutts.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and pro se parties as identified below in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ John F. Mariani
Of counsel

Dennis L. Durkin
Michael S. Vitale
Baker & Hostetler LLP
2300 SunTrust Center

200 South Orange Avenue
Orlando, FL 32801-3432
Telephone: 407-649-4000
Facsimile: 407-841-0168
ddurkin@bakerlaw.com
mvitale@bakerlaw.com

Thomas H. Shunk
Christina J. Moser
Jeffrey T. Williams
Baker & Hostetler, LLP
1900 East 9th Street
Suite 3200
Cleveland, OH 44114-3482
Telephone: 216-861-7818
Facsimile: 216-579-0212
tshunk@bakerlaw.com
cmoser@bakerlaw.com
jwilliams@bakerlaw.com

WPBDOCS 8155580 3