# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80780-CIV-RYSKAMP/HOPKINS

TBC CORPORATION,

      Plaintiff,

vs.

GECKOBYTE.COM, INC. d/b/a
FITMENT GROUP; RFH, formerly
"RTM MARKETING GROUP,"

      Defendants.

_____/

## ORDER GRANTING MOTION TO DISMISS

THIS CAUSE comes before the Court pursuant to Defendant Geckobyte.com's

("Geckobyte")  motion to dismiss for lack of jurisdiction and for improper venue, filed August 6,

2012 **[DE 31]**.  Plaintiff TBC Tire Corproation ("TBC") responded on August 16, 2012 **[DE 49]**.

Geckobyte replied on August 27, 2012 **[DE 51]**.  This motion is ripe for adjudication.

## I.      BACKGROUND

Geckobyte.com is a Minnesota corporation with its principal place of business in Duluth,

Minnesota.  RFH, formerly known as RTM Marketing Group ("RTM"), is a Maine corporation

with its principal place of business in Falmouth, Maine.  RTM was administratively dissolved by

the State of Maine on April 23, 2012.

TBC consists of a number of divisions and wholly-owned subsidiaries that manufacture

and distribute tires that are then sold to wholesalers nationwide.  According to Plaintiff, it relies

heavily on an inventory planning software program, called "category management tool," which

provides geographically-specific information regarding the demand for specific types of tires, and thus, assists TBC's subsidiaries in planning their manufacturing, distribution, sales and inventory maintenance.  (DE 8, p. 7).  TBC states that this software program allows it to "forecast future product demand" so that it can "stock products efficiently and with as little overhead as possible." *Id.*, p. 9.  According to the Complaint, Defendants, which host and service the software, have threatened to terminate TBC's access to the software on August 1, 2012, if TBC does not agree to a significant restructuring of their current agreement, which TBC contends does not expire until April 30, 2013.  Under the terms of the new agreement, TBC would purportedly be required to pay 75% more than it does currently.

TBC claims that this Court has personal jurisdiction over this matter because Geckobyte.com's CEO and COO, Tiegen Fryberger and Jeffrey Riddle, respectively, traveled to this District on behalf of Geckobyte to engage in negotiations with TBC that formed, in part, the basis of this lawsuit; because significant development of the software occurred during Riddle's visits to this District; and because TBC, through its divisions and subsidiaries, employs thousands of people in the State of Florida and is based in this District.  Geckobyte.com has moved to dismiss for lack of personal jurisdiction and for improper venue.

## II.       DISCUSSION

### A.     Personal Jurisdiction

#### 1.     Legal Standard

A two-pronged analysis is required to determine whether Geckobyte.com is subject to the jurisdiction of Florida courts.  *Cross Country Home Servs., Inc. v. Home Serv. USA Corp.,* No.

08-61456-CIV, 2010 WL 55439, *2 (S.D. Fla. Jan. 6, 2010) (citing *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).  The Court first must assess whether it has *in personam* jurisdiction over Geckobyte.com pursuant to Florida's long-arm statute.  *Id.*  If there is an initial basis for jurisdiction, the Court must then determine whether Geckobyte.com has sufficient minimum contacts with Florida to satisfy the Due Process Clause of the Fourteenth Amendment so that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* (quoting *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted).  The Court only will exercise personal jurisdiction over a defendant if "both the long-arm statute[] of the forum state ***and*** the due process requirements of the Fourteenth Amendment [are] complied with."  *Slaihem v. Sea Tow Bahamas Ltd.,* 148 F. Supp. 2d 1343, 1349 (S.D. Fla. 2001) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 463-64 (1985)) (emphasis added).

The plaintiff has the initial burden of pleading facts in its complaint to support a showing of personal jurisdiction over a non-resident defendant.  *See Miami Breakers Soccer Club, Inc. v. Women's United Soccer Ass'n*, 140 F. Supp. 2d 1325, 1328 (S.D. Fla. 2001).  If the plaintiff satisfies that burden, then the burden shifts to the defendant.  *Id.*  The defendant may submit affidavits, testimony, and other documents to challenge plaintiff's jurisdictional allegations.  *Id.* If defendant successfully challenges the allegations of personal jurisdiction, then the burden shifts back to plaintiff to substantiate its allegations via affidavit, testimony, or other documents. *Id.*  The plaintiff's assertions of fact are considered true on a motion to dismiss unless controverted by the defendant.  *Id.*  If the plaintiff's Complaint fails to satisfy its burden, the Court must dismiss the action.  *See Martinec v. Party Line Cruise Co.*, 07-80098-CIV, 2007 WL

4

3197610, at *2 (S.D. Fla. Oct. 29, 2007) (finding no personal jurisdiction existed where a plaintiff failed to meet its burden of stating allegations in the Complaint that could establish jurisdiction); *Aero Mechanical Electronic Craftsman v. Parent*, 366 So.2d 1268, 1271 (Fla. 1979) ("[T]he burden never shifted to appellant since the Third-Party Complaint only alleged that the defective product left appellant's control and ultimately reached the plaintiff.").

### 2.   Analysis

Both Geckobyte.com and TCB have submitted additional evidence relevant to the personal jurisdiction question.  Yet the Court does not believe that review of these submissions is necessary to resolve the personal jurisdiction question, as the complaint does not support a showing of personal jurisdiction over Geckobyte.com.[1]

A threshold issue for personal jurisdiction is a "direct affiliation, nexus, or substantial connection to exist between the basis for the plaintiffs' cause of action and the defendants' business activity in the state." *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1149-50 (Fla. 3d DCA 2007); Fla. Stat. § 48.193(1).

The complaint does not even mention the Florida long arm statute, much less cite a specific provision thereunder that allegedly creates personal jurisdiction in this matter.  The only

---

[1] Plaintiff also alleges jurisdiction over the other defendant, "RFH, 'formerly RTM Marketing Group.'" RFH, which has been administratively dissolved, (Riddle Aff. ¶ 19), is unrepresented in these proceedings. Plaintiff alleges jurisdiction over this defendant by claiming that "significant development of the Category Management Tool took place during visits by Jeffrey Riddle, as owner and President of RTM, to this District. [DE 1, ¶ 7].  To be clear, RFH/RTM Marketing Group and Geckobyte.com are two separate and distinct entities. Any purported action by Riddle in his capacity as President and Owner of RFH/RTM Marketing Group does not create personal jurisdiction over Geckobyte.com. *See also Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321, 1332 (M.D. Fla. 2011) (finding a plaintiff's attempt to group corporate defendants together was improper because "in th[e] jurisdictional analysis, the Court must assess the actions of each defendant separately").

alleged activity that occurred in Florida is a meeting between TBC and Geckobyte.com's officers in December 2011 about a possible acquisition of Geckobyte.com by Plaintiff. [DE 1, ¶¶ 37-38]. That meeting does not form the basis of any claim. Significantly, no contract was entered into at or arose from the meeting, no contract was breached during the meeting, no tortious act was allegedly committed during the meeting, TBC does not allege that any promise was made during the meeting, and TBC's request for a determination of a royalty-free license does not relate to the meeting. Thus, the sole purported action in Florida taken by Geckobyte.com does not give rise to TBC's claims. Accordingly, this Court does not have personal jurisdiction over Geckobyte.com. *See Airplay Am., LLC v. Cartagine*, No. 08-81224-CIV, 2009 WL 909521, *2 (S.D. Fla. Apr. 2, 2009) (finding that corporate director's physical presence at five board meetings in Florida and communications with directors and investors by telephone and email to Florida was insufficient to support a finding of jurisdiction under the long-arm statute where the cause of action did not specifically arise from those contacts).

**B.  Venue**

Plaintiff has not met its burden to establish this district as a proper venue to hear its claims. *See Hamel-Schwulst v. Negrotto*, No. 308cv529/MCR/EMT, 2010 WL 548318, *5 (N.D. Fla. Feb. 11, 2010) ("[T]he plaintiff has the burden of showing that venue in her chosen forum is proper."). Section 1391(b)(2) provides for venue where the judicial district is one "in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). In determining whether venue is proper pursuant to this section, the court should consider "only those acts and omissions that have a close nexus to the ***wrong***." *Jenkins Brick Co.*

*v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003) (finding venue was improper in Alabama and focusing on the acts of defendant giving rise to the suit for breach of a non-compete agreement, including where a non-compete was presented, executed, performed, and breached) (emphasis added).  Thus, the Court must focus on the alleged wrongful acts of Geckobyte.com and not the actions of the Plaintiff.  *Sterling Wholesale, LLC v. Travelers Indem. Co. of Conn.*, No. 12-60500-CIV, 2012 WL 1991456, *2 (S.D. Fla. May 29, 2012) ("the proper statutory analysis focuses on the defendant's allegedly wrongful conduct").

Here, TBC alleges three types of wrongs to support its claims in tort, contract, and promissory estoppel.  Respectively, they are (1) a purported threat to terminate TBC's access to the fitment services which would allegedly result in harm to TBC's business relationships and contract with VIP, [DE 1, ¶¶ 101-04], (2) supposed anticipatory breaches and repudiation of contract by refusing payment and issuing a credit memo for payment and threatening to terminate access to the fitment services, [*id.* at ¶¶ 72-74], and (3) anticipation that Gekcobyte.com will not fulfill promises allegedly made by RTM to TBC [*id.* at ¶¶ 84-90].  TBC does not allege that any of those purported wrongs, or the acts closely linked to them, occurred in Florida.

The assertion by TBC that Geckobyte.com's officers' trip to Florida in December 2011 establishes venue lacks merit.  That meeting was not the basis for any of Plaintiff's purported causes of action and does not have a close nexus to the alleged wrongs by Geckobyte.com. It has no bearing on the venue analysis.  *See Jenkins Brick Co.*, 321 F.3d at 1371 (finding that the facts that do not give rise to the claims asserted are irrelevant for venue analysis).

Plaintiff argues venue is proper based upon its repeated failed assertion that substantial performance of the month-to-month arrangement between the parties occurs in Florida.

7

Specifically, Plaintiff alleges that Geckobyte "significantly performs in Florida" by (1) developing the fitment services; (2) training Florida employees; (3) preparing and providing data necessary for the tool; and (4) delivering the tool. [DE 49 at 18].  Even if true, none of Plaintiff's assertions has a close nexus to the alleged wrong because they do not relate to the alleged threat to terminate access to the fitment services. Venue is therefore improper in the Southern District of Florida.

### III.   <u>CONCLUSION</u>

THE COURT, being fully advised and having considered the pertinent portions of the record, hereby

ORDERS AND ADJUDGES that the motion to dismiss, filed August 6, 2012 **[DE 31]**, is GRANTED.  The complaint is dismissed for lack of personal jurisdiction and improper venue. Plaintiff may have ten days to file an amended complaint.

DONE AND ORDERED at Chambers in West Palm Beach, Florida, this 13th day of September, 2012.

<u>S/Kenneth L. Ryskamp</u>
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE